UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLINDO ANTONIO MYLES, | No. 2:15-cv-00591-GEB-GGH |
| Petitioner, | |
| v. | ORDER |
| W.L. MONTGOMERY, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently, petitioner's voluntary dismissal of his own petition is pending before the court.

Petitioner filed a first amended petition for writ of habeas corpus on June 30, 2015. ECF No. 12. The petition seeks a writ of habeas corpus on two grounds: (1) defense counsel rendered ineffective assistance by failing to move to exclude petitioner's jury when a co-defendant (Speight) testified and inculpated him; and (2) it was error to instruct the jury that if crimes were committed, Speight was an accomplice. Id. at 4–5, 7–8. In support of his second ground for relief, petitioner (now) argues that he should never have been tried as an adult (and could not have been a main actor) because he has "short term memory loss and was on medication for seizures." Id. at 7. As a result of these "mental deficiencies" he states that he did not understand portions of the trial. Id. In a motion to dismiss filed on August 18, 2015, respondent argues the

1

petition should be dismissed because petitioner has not exhausted his state court remedies as to his second claim based on his mental state during trial. ECF No. 15.

On February 5, 2016, petitioner filed a self-styled opposition to respondent's motion. ECF No. 20. In that "opposition," petitioner requests that the court dismiss his petition because his mental state claim is, indeed, unexhausted. Id. The problem is that while it is clear petitioner concedes his second claim is unexhausted, it is not clear whether he wants his entire petition dismissed, or simply the unexhausted claim. This distinction is important because the statute of limitations could end up barring any presently exhausted claims dismissed from the case.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted the remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

This has the potential to create serious statute of limitations problems for petitioners who are required to pursue their unexhausted claims in state court. While the petitioner safely litigates his unexhausted claims, see 28 U.S.C. § 2244 (d)(2) (tolling AEDPA's 1-year statute of limitations during the pendency of state post-conviction review), the statute of limitations on the exhausted claims could run.[1]

In recognition of this potential barrier to relief, the United States Supreme Court has outlined standards by which a petitioner might have his petition stayed and his exhausted claims held in abeyance while he pursues his unexhausted claims. Rhines v. Weber, 544 U.S. 269, 277–

---

[1] Although the statute of limitations on habeas claims is tolled while they are pursued in state court, it continues to run while they are pursued in federal court. Duncan v. Walker, 533 U.S. 167, 181–82 (2001).

78 (2005). A motion for stay and abeyance is available as long as (1) good cause is shown for a failure to have first exhausted the claims in state court; (2) the claim or claims at issue potentially have merit; and (3) there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Id.

In the alternative, petitioner may proceed with a stay request as outlined in King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)). In King, the Ninth Circuit held that in addition to the stay procedure authorized in Rhines, district courts also have discretion to permit petitioners to follow the three-step stay-and-abeyance procedure approved in Calderon v. U.S. Dist. Ct. (Taylor), 134 F.3d 981, 986 (9th Cir. 1998) and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Pursuant to the King procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition. Kelly, 315 F.3d at 1070–71. The King stay-and-abeyance procedure has no requirement of a good cause showing or that the claims are potentially meritorious. In clarifying whether he intends to dismiss his entire petition or simply his unexhausted claim petitioner should take the foregoing principles into consideration.

In accordance with the foregoing, THE COURT HEREBY ORDERS petitioner to file a response to this order within fourteen days clarifying whether he wants to dismiss his entire petition, or just his unexhausted second claim, or whether he desires to seek a stay of his federal petition to exhaust his state remedies on what he now argues as a basis for his second claim.

Dated: February 17, 2016

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

/myle591.vol

3