UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLINDO ANTONIO MYLES,<br><br>Petitioner,<br><br>v.<br><br>W.L. MONTGOMERY,<br><br>Respondent. | No. 2:15-cv-00591-GEB-GGH<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently, respondent's motion to dismiss and petitioner's request for a stay of the petition are pending.

Petitioner filed a first amended petition for writ of habeas corpus on June 30, 2015. ECF No. 12. The petition seeks a writ of habeas corpus on two grounds: (1) defense counsel rendered ineffective assistance by failing to move to exclude petitioner's jury when a co-defendant (Speight) testified and inculpated him; and (2) it was error to instruct the jury that if crimes were committed, Speight was an accomplice. Id. at 4–5, 7–8. In support of his second ground for relief, petitioner argues that he should never have been tried as an adult (and could not have been a main actor) because he has "short term memory loss and was on medication for seizures." Id. at 7. As a result of these "mental deficiencies" he states that he did not understand portions of the trial. Id. Respondent then filed a motion to dismiss on August 18, 2015, arguing the petition

1

1  should be dismissed because petitioner has not exhausted his state court remedies as to his second
2  claim based on his mental state during trial.  ECF No. 15.

3  On February 5, 2016, petitioner filed a self-styled opposition to respondent's motion,
4  asking the court to dismiss his petition because his second claim based on his mental state is,
5  indeed, unexhausted.  Id.  Petitioner's "opposition," however, was not clear as to whether he
6  wanted his entire petition dismissed, or simply the second unexhausted claim.  On February 18,
7  2016, the court ordered petitioner to respond within fourteen days with an explanation of what he,
8  in fact, was requesting.  ECF No. 23.  The court further explained that if petitioner intended to
9  seek a stay and abeyance of his petition he could do so using the procedures set forth in either
10 Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), or Rhines v. Weber, 544 U.S. 269 (2005).  Id.  On
11 March 2, 2016, petitioner filed a response to the court's order explaining that he would like to
12 dismiss his unexhausted claim and stay his petition in accordance with Kelly.  ECF No. 24.  On
13 March 7, 2016, respondent filed a response indicating non-opposition to petitioner's request for a
14 Kelly stay.[1]  ECF No. 25.

15 Based on this voluntary dismissal of petitioner's second ground for relief the court should
16 deny respondent's motion to dismiss, as it is entirely premised upon the assertion that the petition
17 is mixed.  The court will also recommend that this action be stayed pursuant to petitioner's
18 request.  This will allow petitioner to exhaust the state court remedies to his second claim.  Once
19 petitioner has done so, he can seek leave to amend the petition to include his second claim.

20 In light of petitioner's request to dismiss his second claim and in accordance with the
21 foregoing, THE COURT HEREBY ORDERS that:

22 1.  The first amended petition's second ground for relief is DISMISSED without prejudice

---

[1]  As the Ninth Circuit explained in King v. Ryan, a petitioner who has sought and received a Kelly stay is permitted to amend his petition to add newly exhausted claims only if those claims, once exhausted, are either timely or relate back to exhausted claims set forth in a timely petition. 564 F.3d 1133, 1135, 1140–43 (9th Cir. 2009); see also Mayle v. Felix, 545 U.S. 644, 664 (2005) (holding that relation back is appropriate in the habeas context when there is a "common core of operative facts").  Respondent has indicated that any timeliness objections to the inclusion of the second claim will be raised after it is exhausted, once amendment of the petition is actually sought.  ECF No. 25.

pending exhaustion; and

      THE COURT FURTHER RECOMMENDS that:

    1. Respondent's motion to dismiss based on the fact of a mixed petition, ECF No. 15, be DENIED;

    2. This action be stayed pending the exhaustion of petitioner's second claim; and

    3. Petitioner be granted thirty days following the final order of the state courts within which to file a motion for leave to amend the petition to include the newly exhausted claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 11, 2016

                                        /s/ Gregory G. Hollows
                                UNITED STATES MAGISTRATE JUDGE

/GGH17; myle591.mtd